JOYCE, J.,
This matter is before the court on defendant’s motion to compel discovery. The specific issue is whether the plaintiff should be ordered to execute authorizations to release all her medical records for inspection.
The court is fully aware that an individual’s medical record may contain matter which is not subject to discovery. However, a defendant has the right to discover information contained in a plaintiff’s medical record which may bear on the physical injuries for which the plaintiff seeks compensation. These two divergent, yet legitimate interests have been reconciled and provided for in the Pennsylvania Rules of Civil Procedure.
The rules allow discovery of any matter, not privileged, which is relevant to the subject matter of the pending action. Rule 4003.1. The courts have the power through protective orders to control and limit discovery. Thus a party desiring the protection afforded by the rules need simply request it.
Presently, the information sought is clearly not privileged. 42 Pa.C.S. §5929. However, plaintiff *98 argues that the information sought is irrelevant, will not lead to relevant matter and is personal and confidential. Obviously it is plaintiff who knows what medical records fall within the above classifications, not defendant nor the court. Therefore, it is plaintiff who should seek the protection she claims she is entitled by utilizing rule 4012. Upon presentment of good cause shown, the power of the court is adequate to furnish the requested protection.
ORDER
And now, July 20, 1990, it is hereby ordered and decreed that defendant’s motion to compel is granted.